**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| **MICHAEL D. MAYS** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil No. 1:08-CV-93 JVB |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner of Social Security** | ) | |
| **Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

This matter is before the court on the Commissioner's Rule 56 motion to strike Plaintiff Michael D. Mays's opening brief, filed on September 10, 2008. (Docket # 15.) The Commissioner seeks to strike the opening brief because Mays did not sign it; his mother did. On September 10, 2008, the court gave Mays the opportunity to respond to the Commissioner's motion to strike and to reply to the Commissioner's brief in opposition to his petition. (Docket # 16.) Mays filed a response on October 6, 2008, (Docket # 17), which the court now construes as a supplemental opening brief.

Federal Rule of Civil Procedure 11(a) provides that "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented[,]" and that "[t]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention." In this instance, Mays's brief was not signed. However, a document should not be stricken unless there is prejudice to the opposing party, *Kovilic Constr. Co., Inc. v. Missbrenner*, 106 F.3d 768, 772 (7th Cir. 1997) ("We have held that documents should be struck only where the failure to sign severely prejudiced the opposing party.") (citing

*United States v. Kasuboski,* 834 F.2d 1345, 1348 (7th Cir. 1987)), and the Commissioner has not shown that it has been prejudiced. In any event, Mays has essentially ratified his opening brief, thereby curing the lack of a signature. (*See generally* Docket # 17.) Furthermore, "it is incumbent on [the court] to take appropriate measures to permit the adjudication of *pro se* claims on the merits, rather than to order their dismissal on technical grounds." *Donald v. Cook County Sheriff's Dep't,* 95 F.3d 548, 555 (7th Cir. 1996).

Accordingly, the Commissioner's motion to strike (Docket # 15) is DENIED. Because the court construes Mays's response to be a supplemental opening brief, the Commissioner will have until November 24, 2008, to file a response brief. Mays will therefore have until December 12, 2008, to file a reply brief.

SO ORDERED this 8th day of October 2008.

S/ Roger B. Cosbey<br>
Roger B. Cosbey<br>
United States Magistrate Judge